341 So.2d 1236 (1976)
Donald James MASHBURN, d/b/a Maison de Mashburn
v.
Richard H. COLLIN et al.
No. 11027.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Writ Granted March 31, 1977.
*1237 Carl W. Cleveland, New Orleans, for Donald James Mashburn dba Maison de Mashburn, plaintiff-appellant.
Garic Kenneth Barranger, Covington, for Richard H. Collin, defendant-appellee.
Rutledge C. Clement, Jr., New Orleans, for The States Item and The Times-Picayune Publishing Corp., defendants-appellees.
Before LANDRY, SARTAIN and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a proceeding for defamation in which Donald James Mashburn, doing business as Maison de Mashburn, contends that his restaurant business near Hammond, was seriously damaged by defamatory statements by Richard H. Collin, known as The Underground Gourmet, which were published in an article in the New Orleans States Item on Saturday, June 22, 1974. The Times-Picayune Publishing Corporation, the publisher of the New Orleans States Item, originally named as a defendant, settled its claim with the plaintiff and was dismissed. The Trial Judge granted a motion for summary judgment filed by defendant, Richard H. Collin, and plaintiff has appealed.
In oral reasons for judgment, the Trial Judge stated:
"It is the opinion of this Court that the Firestone case did not have the effect of eliminating the New York Time's doctrine in a factual situation such as is presented to this Court in this particular case. That is, that a person who operates a public restaurant, who advertises it to the public, is subject to fair criticism in the absence of a showing of actual malice, and it is a requirement that it was published with actual knowledge of its falsity or reckless disregard as to its truth or falsity."
The plaintiff-appellant contends the Trial Judge erred:
1. In considering the defendant's untimely motion for summary judgment filed long after all pleading deadlines had elapsed at a time when it was difficult for plaintiff to respond effectively to the motion for summary judgment due to preparation of the case for trial;
2. In holding that pursuant to the First Amendment to the United States Constitution Donald James Mashburn was a "public figure" who must prove "actual malice" in order to recover for defamatory utterances made by the defendant;
3. In holding by implication that a food critic enjoys an absolute privilege incapable of abuse which shields him from suit for his defamatory utterances; and
4. In granting a motion for summary judgment despite the existence of serious controverted factual issues, especially with respect to Mr. Collin's malice and whether Mashburn was a "public figure".
As to the plaintiff-appellant's first specification of error, we need only point out that LSA-C.C.P. Art. 966 provides that a motion for summary judgment by the defendant may be made at any time. Thus, there was no error on the part of the Trial Judge in considering the motion for summary judgment on the day the case was fixed for trial on the merits.
The second specification of error involves the constitutional question of whether Mr. Mashburn, as a restaurant operator, is a public figure under the First Amendment of the United States Constitution as the term public figure is defined by the United States Supreme Court. The term public figure requires definition because if Mr. Mashburn is a public figure, then the First Amendment of the Constitution and the jurisprudence impose upon state law a requirement that actual malice be demonstrated in order for plaintiff to recover. A reading of the recent case of *1238 Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976) and the case of Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) brings us to the conclusion that the Supreme Court has held that unless a person thrusts himself to the forefront of a particular public controversy in an effort to influence the resolution of the issues involved in the controversy or assumes a role of especial prominence in the affairs of society, he is not considered a public figure. The fact that Mr. Mashburn ran a restaurant open to the public and advertised his restaurant publicly does not make him a public figure within our appreciation of the United States Supreme Court definition thereof. Mr. Mashburn has in no way attempted to influence society by the act of operating a restaurant business. Therefore, it is not necessary that a showing of actual malice be made before plaintiff can recover, and thus, the Trial Judge was in error in his interpretation and application of the Supreme Court decisions in holding Mr. Mashburn a public figure.
We are of the opinion that any expressions by the Trial Judge in his written reasons for judgments which would give the impression that he was holding that a food critic enjoys an absolute privilege in Louisiana were based entirely on his misinterpretation and misapplication of the United States Supreme Court decisions. There are no reported cases in Louisiana dealing with a food critic. At present, this Court is not called upon to determine if such a privilege should exist in Louisiana, and if so, under what conditions, and therefore, we pretermit any discussion thereon.
In Louisiana the elements necessary to make defamatory words actionable are (1) publication, (2) falsity, (3) malice, either actual or implied, and (4) resulting injury. We have reviewed the record in this proceeding and find it impossible to state that, "there is no genuine issue of material fact," as provided by LSA-C.C.P. Art. 966 dealing with summary judgment, so as to entitle the defendant to a motion for summary judgment in his favor.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is reversed, and this matter is remanded to the Trial Court for further proceedings in accordance with law and the views expressed herein. All costs of this proceeding are to be paid by defendant-appellee.
REVERSED AND REMANDED.